UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LYNN RUMMINGER,

                    Plaintiff,

vs.                              Case No.  2:10-cv-682-FtM-29SPC

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                    Defendant.
_____

## OPINION AND ORDER

    This  matter  is  before  the  Court  on  consideration  of
Magistrate Judge Sheri Polster Chappell's Report and Recommendation
(Doc. #16), filed on November 4, 2011, recommending that the
Commissioner's decision to deny social security disability benefits
be affirmed.  Plaintiff filed Objections (Doc. #17) on November 18,
2011, to which the Commissioner filed a Response (Doc. #18) on
November 28, 2011.

    The Court reviews the Commissioner's decision to determine if
it is supported by substantial evidence and based upon proper legal
standards.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158
(11th Cir. 2004).  Substantial evidence is more than a scintilla
but less than a preponderance, and is such relevant evidence as a
reasonable person would accept as adequate to support a conclusion.
Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Crawford,
363 F.3d at 1158.  Even if the evidence preponderates against the

Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59. The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211; Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). The magistrate judge, district judge and appellate judges all apply the same legal standards to the review of the Commissioner's decision. Dyer, 395 F.3d at 1210; Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1282 (11th Cir. 2004); Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

Plaintiff argues that the magistrate judge failed to recognize that the ALJ did not consider the evidence that she suffered from a medically determinable impairment of tinnitus and failed to address her subjective complaints caused by tinnitus. Plaintiff argues that three weeks before the onset of her disability she was diagnosed by Dr. Herbert Silverstein with subjective tinnitus, and because of this diagnosis it was error for the ALJ to fail to consider plaintiff's subjective complaints regarding the severity of her tinnitus and fail to state why he rejected plaintiff's testimony as to the severity of the tinnitus.

Tinnitus is generally defined as a subjective sensation of sound, such as ringing or buzzing, in one or both ears. Parham v. Johnson, 126 F.3d 454, 455 (3d Cir. 1997); Varley v. Sec'y of

Health & Human Services, 820 F.2d 777, 778 n.1 (6th Cir. 1987); Smith v. Harris, 644 F.2d 985, 987 n.2 (3d Cir. 1981). Dr. Silverstein diagnosed plaintiff with subjective tinnitus on January 9, 2008. Plaintiff was further tested on September 28, 2008 by Dr. Jack J. Wezsen, who found bilateral sensory hearing loss. The ALJ found that plaintiff suffered from the severe impairment of bilateral sensory hearing loss; retained the residual functional capacity to perform a full range of work at all exertional levels but could not perform work that involved even moderate exposure to noise; and was not disabled because she was capable of performing her past relevant work as a purchasing agent.

The Report and Recommendation correctly finds that the ALJ properly discounted plaintiff's testimony as to the severity of her tinnitus because the treatment notes of both Dr. Wazen and Dr. Silverstein did not support her testimony, the medical treatment was sparse and had significant gaps given the alleged severity, plaintiff's reported daily activities and search for work during the alleged period of disability was inconsistent with plaintiff's testimony, plaintiff failed to report to any physician the extent of the limitations she now claims, and the opinion of Dr. James Patty and the objective medical evidence was inconsistent with the extent of her claimed limitations. (Doc. #16, pp. 13-18.) After an independent review, the Court agrees with the findings and recommendations in the Report and Recommendation. The ALJ did

consider the tinnitus, but as in <u>Gaddis v. Chater</u>, 76 F.3d 893, 895-96 (8th Cir. 1996), the Court finds that the record supports the ALJ's credibility determination in this case.

Accordingly, it is now

**ORDERED**:

1.  The Report and Recommendation (Doc. #16) is **accepted and adopted** by the Court.

2.  The Decision of the Commissioner of Social Security is **AFFIRMED.**

3.  The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __30th__ day of November, 2011.


_____
JOHN E. STEELE
United States District Judge


Copies:
Hon. Sheri Polster Chappell
U.S. Magistrate Judge

Counsel of Record

-4-